IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IMPALA AFRICAN SAFARIS, LLC, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:13-CV-2175-G |
| § | |
| DALLAS SAFARI CLUB, INC., et al., § | |
| § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated October 8, 2013, this case has been referred for pretrial management. Before the Court are *Plaintiff's Motion for Default Judgment*, filed October 1, 2013 (doc. 77), and *Defendant Michael Arthur Burke's Special Appearance and Motion to Vacate Default Judgment and to Dismiss Complaint for Lack of Personal Jurisdiction and Brief in Support*, filed October 10, 2013 (doc. 103). Based on the relevant filings and applicable law, the defendant's motion to set aside default should be **GRANTED,** the motion to dismiss is **DEEMED MOOT**, and the plaintiffs' motion for default judgment should be **DENIED.**

## I. BACKGROUND

On June 11, 2013, Arnold Payne (Payne) and Impala African Safaris, LLC (Impala) (collectively, Plaintiffs) filed this action against numerous defendants, including Michael Arthur Burke (Defendant), asserting claims for violations of the Sherman Act, § 1, 15 U.S.C. §§ 1, 2, and Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a et seq., business disparagement, defamation, tortious interference with prospective business relations, and tortious interference with

existing contracts.  (doc. 1 at 10–22.)[1]  They requested actual damages of "$170,000 monthly beginning July 2012 through the date of judgment," treble damages, pre- and post-judgment interest, costs of suit, and attorney's fees.  (*Id.* at 35.)

The Clerk of Court issued a summons for all of the defendants on June 11, 2013.  (doc. 3.) On June 19, 2013, Defendant was served with a copy of the summons and the original complaint. (doc. 73.)  On August 30, 2013, Plaintiffs filed a motion for leave to amend, asserting the same claims and requesting the same relief in the amended complaint, but elaborating on their factual allegations. (*See* docs. 36; 36-1.)  On October 1, 2013, Plaintiffs moved for default judgment against Defendant.  (doc. 77.)  The Court Clerk entered a default against Defendant that same day.  (doc. 78.)

On October 10, 2013, Defendant filed a motion to vacate default judgment and to dismiss the complaint for lack of subject matter jurisdiction, along with an affidavit in support.  (docs. 103 and 104.)  In his supporting affidavit, Defendant averred that shortly after being served with process, he retained counsel to represent him in this action.  (doc. 104 at 4–5.)  Counsel communicated with Plaintiffs' counsel and reached an agreement to extend Defendant's time to answer the complaint until Plaintiffs provided "additional information" about their claims against Defendant.  (*Id.* at 5.) Plaintiffs' apparent willingness to extend the answer period was confirmed on August 9, 2013, when they filed a motion for leave to conduct a deposition with aims of "identifying the actions of each Defendant" and filing an amended complaint.  (*Id.*; *see also* doc. 27 at 4.)  Defendant also points to Plaintiffs' statement in their motion for default judgment that as of August 13, 2013, they "were working with [Defendant's] prospective attorney" to draft "a potential motion and order to extend

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

the answer period." (docs. 77 at 3; 103 at 2.)  He essentially contends that he did not file a timely

answer because it was his "understanding" that he would not be required to prepare an answer until

Plaintiffs filed an amended complaint elaborating on their claims and the parties agreed on an

answer date. (doc. 104 at 5.)  Plaintiffs' motion for leave to amend was granted by order dated

October 30, 2013, (doc. 132), and Plaintiffs filed their amended complaint on October 31, 2013 (doc.

135).

## II.  MOTION TO SET ASIDE DEFAULT

Defendant moves to set aside the Clerk's entry of default. (doc. 103.)

Under Rule 55(c), courts may set aside an entry of default upon a showing of good cause.

Fed. R. Civ. P. 55(c); *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *10

(N.D. Tex. Mar. 25, 2004).  The good cause standard is a liberal one. *Effjohn Int'l Cruise Holdings,*

*Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).  In deciding whether a defendant has

shown good cause, courts consider whether: (1) the failure to respond was due to excusable neglect;

(2) the plaintiff would suffer prejudice if the default was set aside; and (3) the defendant has

presented a meritorious defense. *Id.*; *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64

(5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *Stevenson v. Verizon*

*Wireless, LLC*, No. 3:08-CV-0168-G, 2009 WL 188188, at *2 & n. (N.D. Tex. Jan. 27, 2009)

(applying excusable neglect factor in accord with *CJC Holdings*).  Courts also often consider

whether the defendant acted promptly to correct the default. *Effjohn*, 346 F.3d at 563.  "The

decision to set aside a fault decree lies within the sound discretion of the district court." *United*

*States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

The Supreme Court has held that excusable neglect is an "'elastic concept' and is not limited

strictly to omissions caused by circumstances beyond the [movant's] control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The term extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388. Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness . . . ." *Mattress Giant Corp. v. Motor Adver. & Design Inc.*, No. 3:07-CV-1728-D, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008); *see also Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC*, No. 3:09-CV-1384-D, 2009 WL 3378401, at *2 (N.D. Tex. Oct. 19, 2009) (the defendant's mistaken reliance on settlement negotiations constituted excusable neglect); *Stelax Indus., Ltd.*, 2004 WL 733844, at *10 (the defendants' default was excusable where they were under the false impression that the co-defendant's attorney represented them); *UMG Recordings, Inc. v. Landers,* CIV.A. 07-1279, 2008 WL 60422, at *2 (W.D. La. Jan. 4, 2008) (excusing the defendant's delay in answering the complaint where there was no evidence that he acted intentionally).

Defendant avers that he retained counsel soon after he was served with process. (doc. 104 at 4–5.) Counsel then communicated with Plaintiffs' counsel and reached an agreement to extend Defendant's time to file an answer until Plaintiffs elaborated on their claims against Defendant. (*Id.* at 5.) Plaintiffs' request to conduct early discovery confirmed Defendant's belief that he did not have to answer until Plaintiffs filed an amended complaint and the parties agreed on an answer date. (docs. 27; 104 at 5.) Notably, Plaintiffs acknowledge in their motion for default judgment that as of August 13, 2013, two weeks before they moved for leave to amend, they were collaborating with Defendant's attorney "to extend the answer period." (doc. 77 at 3.)

Under these circumstances, Defendant's failure to timely file a responsive pleading meets the "elastic" standard for excusable neglect. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 392; *Friedman*

& *Feiger, L.L.P.*, 2009 WL 3378401, at *2.  There is no evidence suggesting that Defendant's

failure to answer was intentional.  *See Landers*, 2008 WL 60422, at *2.  Moreover, there is also no

indication that Plaintiffs would suffer prejudice if the default were to be set aside.  Defendant moved

to set aside the default only 9 days after its entry, while the case was still in its early stages, and well

before the Court could take action on the motion for default judgment.  *See Verity Instruments, Inc.*

*v. KLA-Tencor Corp.*, No. 3:06-CV-0005-D, 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006)

(Fitzwater, C.J.) (holding that apart from delaying a possible recovery, setting aside the default and

requiring the plaintiffs to litigate their claims caused them no unfair prejudice).  Because Defendant

has shown good cause, his motion to set aside default should be granted.

### III.  MOTION FOR DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendant.  (*See* doc. 77.)

Rule 55 allows a default judgment to be entered against a party and provides the applicable

procedure.  *See* Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment.

*See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when

a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an

entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise."

*See id*.; *New York Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for

a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d

at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to

by courts only in extreme situations."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation and

internal quotation marks omitted).  Moreover, "a party is not entitled to a default judgment as a

matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)).  Courts may consider "the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits." *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004) (citation omitted). The decision to enter a judgment by default is discretionary. *Id.*

Because the Court is recommending that the entry of default be set aside, Plaintiffs cannot satisfy the second requirement for a default judgment, i.e., entry of default.  *See* Fed. R. Civ. P. 55(a); *New York Life Ins. Co.*, 84 F.3d at 141.  Further, even if Defendant had not shown good cause to set aside the default, Plaintiffs are still not entitled to default judgment as a matter of right.  *See Lewis*, 236 F.3d at 767.   In view of the damages sought, a decision on the merits is warranted.  *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11.  Accordingly, Plaintiffs' motion for default judgment should be denied.

## IV.  MOTION TO DISMISS

Defendant also moves to dismiss Plaintiffs' original complaint.  (doc. 103.)  Plaintiffs' motion for leave to amend their complaint has now been granted, and it is not clear that Defendant's motion addresses the allegations in the first amended complaint.  Defendant's motion to dismiss the original complaint is therefore deemed moot, and the action against Defendant should proceed on the amended complaint.

## V.  RECOMMENDATION

Defendant's motion to set aside default should be **GRANTED,** and Plaintiffs' motion for default judgment should be **DENIED.**  The Clerk of Court should be directed to set aside the October 1, 2013 entry of default against Defendant.

**SO RECOMMENDED**, this 1ˢᵗ day of November, 2013.


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE



**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

-7-