IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMPALA AFRICAN SAFARIS, LLC, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2175-G |
| | § | |
| DALLAS SAFARI CLUB, INC., et al., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the standing order of reference dated October 8, 2013, this case has been referred for pretrial management. Before the Court is *Plaintiffs' Motion for Default Judgment*, filed October 9, 2013 (doc. 99). Based on the relevant filings and applicable law, the motion should be **DENIED.**

### I. BACKGROUND

On June 11, 2013, Arnold Payne (Payne) and Impala African Safaris, LLC (Impala) (collectively, Plaintiffs) filed this action against numerous defendants, including Jerome Phillipe Frederic Lung and Africa Hunting, LLC (collectively, Defendants), asserting claims for violations of the Sherman Act, § 1, 15 U.S.C. §§ 1, 2, and Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a et seq., business disparagement, defamation, tortious interference with prospective business relations, and tortious interference with existing contracts. (doc. 1 at 10–22.)[1]

The Clerk of Court issued a summons for all of the defendants on June 11, 2013. (doc. 3.) Defendants were served with copies of the summons and the complaint on June 18, 2013. (docs. 34-4 at 8; 45.) On August 27, 2013, Plaintiffs moved for entry of default and default judgment

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

against Defendants.  (docs. 34; 35; 46.)  Three days later, Plaintiffs filed a motion for leave to amend, and the motion was subsequently granted.  (*See* docs. 36; 132.)  In their amended complaint, they request actual damages of $45,363 a month beginning July 2012, "though the date of judgment," and also seek exemplary damages of up to three times the actual damages, pre- and post-judgment interest, attorney's fees, expert fees, and costs of suit.  (doc. 36-1 at 81–82.)

On September 5 and 10, 2013, the Clerk of Court entered a default against Defendants.  (docs. 41 and 47.)  Plaintiffs filed a second motion for default judgment on October 9, 2013.  (doc. 99.)[2]  Defendants have not responded, and the motion is now ripe for recommendation.

## II. DEFAULT JUDGMENT

Plaintiffs move for default judgment against Defendants.  (doc. 99.)

Rule 55 provides the applicable procedure for obtaining a default judgment.  *See* Fed. R. Civ. P. 55.  Three requirements must be satisfied.  *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise."  *See id.*; *NewYork Life Ins. Co.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

Here, because Defendants have not filed a responsive pleading or made an appearance in this action, and Plaintiffs have obtained an entry of default from the Court Clerk, the first two requisites for a default judgment have been met.  *See New York Life Ins. Co.*, 84 F.3d at 141.  Remaining for determination is whether entry of a default judgment is appropriate.

---

[2]  Plaintiffs' first motion for default judgment, filed on August 27, 2013, was deemed moot based on the filing of the second corrected motion.  (*See* doc. 142.)

-2-

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* Consequently, default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

Moreover, "[w]here one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other

defendants." *Raleigh Cycle Co. of Am. v. Risha*, No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872)). In *Frow*, the Supreme Court held:

> [W]here a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default . . . and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. at 554. Based on *Frow*, courts have denied motions for default judgment to avoid the possibility of inconsistent judgments between the appearing and defaulting defendants. *See, e.g.*, *Grimball v. New Orleans City*, No. 10-3657, 2012 WL 3027921, at *2 (E.D. La. July 24, 2012); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3–5 (E.D. Tex. Dec. 28, 2010), *rec. adopted by* 2011 WL 288604 (Jan. 27, 2011).[3] Notably, although *Frow* involved joint and several liability, its holding "can be extended to situations in which several defendants have closely related defenses." *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek P'ship, Ltd.*, No. 4:08-CV-3044, 2010 WL 5583118, at *3 (S.D. Tex. Feb. 26, 2010) (quoting WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2690). For example, the Fifth Circuit has held that when "a defending party establishes that [the] plaintiff has no cause of action . . . this defense generally inures to the benefit of a defaulting defendant." *Lewis*, 236 F.3d at 768 (citations omitted). "The policy rationale for this rule is that it would be 'incongruous' and 'unfair' to allow some defendants

---

[3] *Compare Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2–3 (N.D. Tex. Mar. 4, 2008) (granting motion for default damages in a case involving joint and several liability; finding that there was no risk of inconsistent judgments against any of the co-defendants in part because the defaulting defendant had plead guilty and admitted to the relevant facts in the underlying criminal proceedings).

...

to prevail, while not providing the same benefit to similarly situated defendants." *Id.* (citations omitted).

In this case, Plaintiffs seek damages of $45,363 a month beginning July 2012, though the date of judgment, and request exemplary damages up to three times that amount. (doc. 36-1 at 81–82.)[4] The substantial amount of damages involved weighs against entry of a default judgment. *See Rolle v. Law Office of Samuel Streeter, PLLC*, No. CIV 08-274-TUC-CKJ, 2010 WL 729022, *6 (D. Ariz. Mar. 2, 2010) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."); *Lott v. Indian Harbor Marine, Inc.*, No. 96-2480, 1997 WL 325368, at *1 (E.D. La. June 11, 1997) (denying motion for default judgment in part because the damages sought exceeded $500,000). Moreover, because the damages claimed by Plaintiffs are unliquidated, assessing an appropriate damage award against Defendants with reasonable certainty would be difficult at this stage of the proceedings. *See Bullock v. Abbott & Ross Credit Services, L.L.C.*, No. A-09-CV-413 LY, 2009 WL 4598330, at *2 (W.D. Tex. Dec. 3, 2009) (noting that in default judgment context, the plaintiff must still prove damages with "reasonable certainty").

Under the fourth factor, there appears to be little or no prejudice to Plaintiffs if the motion for default judgment is denied, since the case is still in the early stages of litigation. *See Stelax Indus., Ltd.*, 2004 WL 733844, at *11–12. As to the sixth factor, default judgment appears especially harsh in light of the substantial damages requested. Finally, *Frow* applies because the answering defendants have moved to dismiss Plaintiffs' complaint on various grounds, including failure to state a claim upon which relief can be granted. (*See* docs. 13; 30; 55; 56.) These grounds

---

[4] As of the date of this recommendation, Plaintiffs' requested damages total as much as $2,903,232.

for dismissal may inure to Defendants' benefit. *See Frow*, 82 U.S. at 554; *Lewis*, 236 F.3d at 768. The pending motions to dismiss potentially raise issues of material fact. (*See* docs. 55; 56.) In view of these considerations and the strong policy in favor of rendering decisions on the merits, default judgment is unwarranted at this stage of the proceedings.[5] *See Flores*, 2013 WL 432908, at *3; *Stelax Indus., Ltd.*, 2004 WL 733844, at *11. Plaintiffs' motion for default judgment should therefore be denied.

### III. RECOMMENDATION

Plaintiffs' motion for default judgment should be **DENIED** without prejudice to allow them the opportunity to reassert the motion at a later date to be determined by the Court.

**SO RECOMMENDED**, this 5th day of November, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] The remaining factors either favor Plaintiffs (i.e., whether the default is technical in nature or whether the grounds for default are clearly established) or are neutral in effect because there is no evidence on those points (i.e., whether Plaintiffs contributed to any delay, whether Defendants' failure to appear was due to excusable neglect, and whether the Court would be obliged to set aside the default upon a proper motion by Defendant).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE