**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IMPALA AFRICAN SAFARIS, LLC, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 3:13-CV-2175-G-BH |
| | § | |
| **DALLAS SAFARI CLUB, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the standing order of reference dated October 8, 2013 (doc. 98), this case was referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion for Default Judgment*, filed December 30, 2014. (doc. 242.) Based on the relevant filings and applicable law, the motion should be denied, and the claims against Jerome Phillipe Frederic Lung and Africa Hunting, LLC should be dismissed *sua sponte* without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

**I. BACKGROUND**

On June 11, 2013, Arnold Payne and Impala African Safaris, LLC (collectively Plaintiffs) filed this action against numerous defendants, including Jerome Phillipe Frederic Lung (Lung) and Africa Hunting, LLC (Africa Hunting) (collectively Defendants). (doc. 1 at 2.)[1] The Clerk of Court issued a summons for all of the defendants on June 11, 2013. (doc. 3.) On June 18, 2013, Plaintiffs had the summons and the complaint for Defendants delivered to a UPS Store mailbox address in

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

California, where a store clerk signed for the deliveries. (docs. 45, 34-4 at 8.)[2]

On September 8, 2014, Plaintiffs filed their Second Amended Complaint. (doc. 217.) Nothing in the record reflects service on Defendants. The claims against all defendants who had made an appearance in the case were dismissed on December 18, 2014 (doc. 240), leaving only the claims against Defendants pending.

On December 30, 2014, Plaintiffs requested that the Clerk of Court enter a default against Defendants. (doc. 241.) The Clerk entered a default against them that same day (doc. 244), and Plaintiffs now move for entry of a default judgment. (doc. 242.)

## II. DEFAULT JUDGMENT

Rule 55 provides the applicable procedure for obtaining a default judgment. *See* Fed. R. Civ. P. 55. Three requirements must be satisfied. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quotation omitted). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* Consequently, default judgment "should not be granted

---

[2] A proof of service is on file for Africa Hunting, but Plaintiffs neither filed a proof of service for Lung nor attached it to the pending motion for default judgment. One was attached as an exhibit to an earlier motion that contains the same information as the proof of service for Africa Hunting. (doc. 34-4 at 8.)

2

on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is within the Court's discretion. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).[3]

"Until the plaintiff serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987) ("No person need defend an action nor suffer judgment against him unless he has been served with process and properly brought before the court."). Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)). Rule 4(c) of the Federal Rules of Civil Procedure places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1).

Rule 4(e) identifies the methods that may be used for serving an individual in a judicial district of the United States. Specifically, an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) Doing any of the following:

---

[3] Courts consider numerous factors in deciding whether to grant a motion for default judgment. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2013 WL 432908, at *2 (N.D. Tex. Jan. 2, 2013) (citing 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998)). These factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay if the motion is denied; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (citing WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2685).

>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Similarly, a corporation, partnership, or association may be served in the same manner as an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant". Fed. R. Civ. P. 4(h)(1). Plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the complaint. Fed. R. Civ. P. 4(c). A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010) (per curiam).

Here, Plaintiffs contend that Defendants were both "personally served" on or about June 18, 2013, in accordance with Rule 4(e)(2).[4] (docs. 242 at 1, 242-3 at 2.) The proof of service for Africa Hunting states:

>   I served the summons on (*name of individual*) Diane Pace, who is designated by law to accept service of process on behalf of (*name of organization*) UPS Store #4538 3419 E. Chapman Ave #313 Orange Ca. 92869 on (*date*) 6/18/13.

(doc. 45.)

Personal service is defined as "[a]ctual delivery of the notice or process to the person to whom it is directed." BLACK'S LAW DICTIONARY (10th ed. 2014); *accord U.S. v. Irigoyen,* No.

---

[4] Because Plaintiffs have specified that service occurred according to Rule 4(e)(2) and that Defendants were "personally served", other forms of proper service under Rule 4(e) or (h) are not considered.

4

C-06-288, 2006 WL 3513807, at *1 (S.D. Tex. Dec. 5, 2006) ("The Federal Rules of Civil Procedure require that the summons and complaint be delivered to the defendant personally. Because the process server handed the documents to someone other than the defendant, personal service was not accomplished.") (internal citation omitted). Rule 4(h)(1) provides that a party may serve "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). The proof of service does not reflect that Diane Pace was qualified under Rule 4 to accept service on behalf of Defendants, only that she was authorized to accept service on behalf of UPS Store #4538. (doc. 45.) Plaintiffs have not shown that Defendants have been properly served.[5] They have therefore not met their burden to show that they are entitled to a default judgment against them. *See* Fed. R. Civ. P. 4(c)(1).[6]

### III. DISMISSAL OF CLAIMS

A defendant must either be served or waive service within 120 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Where proper service is not made within 120 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice. Fed. R. Civ. P. 4(m). However, dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service and a court should extend the time to serve the defendant. The plaintiffs bear the burden of showing good cause. *Kersh v.*

---

[5] Plaintiffs failed to provide any proof of service on Lung in support of their motion. Even if the proof attached to their prior motion is considered, however, they have not shown that he was properly served for the same reasons as Africa Hunting.

[6] Because Plaintiffs failed to properly serve Defendants, it is unnecessary to conduct a substantive default analysis.

*Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir.1993) (per curiam)).

Here, more than 120 days have passed since Plaintiffs' original complaint was filed on June 11, 2013, but they have not complied with Fed. R. Civ. P. 4(m). Nor have they shown cause for their failure to serve Defendants or to file proof of service reflecting proper service on them. Accordingly, all claims against Defendants should be dismissed without prejudice for failure to comply with Fed. R. Civ. P. 4(m).

## IV. RECOMMENDATION

Plaintiffs' motion for default judgment should be **DENIED** without prejudice, and their claims against the two remaining defendants should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m) unless they should good cause for the failure within the time for objection to this recommendation, or some other deadline set by the Court.

**SO RECOMMENDED**, this 3rd day of August, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE